IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HENRY BOOTH                                                    PLAINTIFF

V.                                           CIVIL ACTION NO. 2:14cv25-KS-MTP

3M COMPANY, ET AL.                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff Henry Booth's Motion to Remand
[50].  Having considered the submissions of the parties, the record, and the applicable
law, the Court finds that the motion is well taken and this action should be remanded to
the Circuit Court of Forrest County, Mississippi.

## I.  BACKGROUND

On May 7, 2013, Booth filed suit against twenty-three (23) Defendants in the
Circuit Court of Forrest County, Mississippi, alleging injury as a result of being exposed
to crystalline silica while working as a sandblaster and painter from approximately 1972
to 1985.  (*See* Compl. [1-2].)  The Complaint asserts that each Defendant either
manufactured, marketed, distributed, and sold defective personal respiratory equipment;
defective sandblasting equipment; or silica sand.  Further, the Complaint sets forth the
following causes of action in support of recovery against all of the Defendants:  strict
liability and product defects; negligence; breach of warranties (express and implied);
civil conspiracy; acting in concert; and gross negligence.

On November 12, 2013, Booth served discovery responses containing
employment information conflicting with the information asserted in the Complaint.
Booth's discovery responses indicate that he last worked as a sandblaster and painter

in 1983, as opposed to 1985.  Therefore, the last year of Booth's "exposure to
respirable silica would have been 1983."  (Pl.'s Mem. of Law in Supp. of Mot. to
Remand [51] at p. 2.)  On or about January 23, 2014, Defendant American Optical
Corporation received an affidavit executed by James N. Dickerson, the former president
of Defendant Dependable Abrasives, Inc. (dissolved), pertaining to a separate lawsuit
brought by Arthur Ray Bourne in the Circuit Court of Claiborne County, Mississippi.
Dickerson's affidavit states in pertinent part that Dependable Abrasives came into
existence in 1985, and that the company did not sell sand from 1957 to 1982.
(Dickerson Aff. [1-4] at ¶¶ 3, 5.)

On February 20, 2014, American Optical removed the proceeding to this Court
on the basis of diversity of citizenship jurisdiction under Title 28 U.S.C. § 1332.  (*See*
Notice of Removal [1].)  The Notice of Removal asserts that complete diversity of
citizenship exists between Booth and all properly joined and served Defendants.  The
notice further provides that the Mississippi citizenship of Dependable Abrasives must be
disregarded since it is improperly joined.  American Optical argues there is no
reasonable basis to predict that Booth can recover from Dependable Abrasives since
Booth's last alleged exposure to respirable silica occurred in 1983 and Dependable
Abrasives did not exist until 1985.  American Optical also asserts that the Notice of
Removal was timely filed within thirty (30) days of its receipt of the Dickerson Affidavit
[1-4], which falls under the scope of 28 U.S.C. § 1446(b)(3)'s "other paper" provision.
All Defendants joined and served in the state court action, except Dependable
Abrasives, joined in and consented to the removal.  (Doc. No. [1-5].)

On March 21, 2014, Booth filed his Motion to Remand [50].  Booth argues that

the removal was defective due to untimeliness.  The Motion to Remand has been fully

briefed and the Court is ready to rule.

## II.  DISCUSSION

### A.    Legal Standards

"In general, defendants may remove a civil action if a federal court would have

had original jurisdiction."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)

(citing 28 U.S.C. § 1441(a)).  "The removing party bears the burden of establishing that

federal jurisdiction exists."  *Id.* (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287

F.2d 252, 253-54 (5th Cir. 1961)).  A motion to remand alleging a procedural defect in

removal must be brought within thirty (30) days of the filing of the notice of removal, but

"the case shall be remanded" at any time before final judgment if it appears that subject

matter jurisdiction is lacking.  28 U.S.C. § 1447(c).  Since federal courts are of limited

jurisdiction and removal raises significant federalism concerns, the "removal statutes

are to be construed strictly against removal and for remand."  *Eastus v. Blue Bell

Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citations omitted).  Courts are to

consider "jurisdictional facts as they existed at the time of removal" in ruling on a motion

to remand.  *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995).

Title 28 U.S.C. § 1446 sets forth the procedures for removal of a civil action,

including provisions concerning the timing of removal.  Generally, the notice of removal

must be filed within thirty (30) days of the defendant's receipt of the initial pleading.  28

U.S.C. § 1446(b)(1).  A different rule applies when an action is not initially removable:

> [I]f the case stated by the initial pleading is not removable, a notice of
> removal may be filed within 30 days after receipt by the defendant, through
> service or otherwise, of a copy of an amended pleading, motion, order or

> other paper from which it may first be ascertained that the case is one which
> is or has become removable.

28 U.S.C. § 1446(b)(3).  Discovery responses, pleadings, deposition transcripts, and attorney communications may constitute "other paper" for purposes of the removal statute.  *See Still v. Georgia-Pacific Corp.*, 965 F. Supp. 878, 881 (S.D. Miss. 1997) (citations omitted).  The information contained in the "other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal . . . ."  *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

        In *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812 (5th Cir. 1993), the United States Court of Appeals for the Fifth Circuit found the above-quoted "other paper" provision, then located at the second paragraph of § 1446(b), applicable to a removal based on improper joinder.[1]  Ashland Oil argued that the first time it could have discovered the nondiverse defendants were improperly joined was when it received one of the defendant's answers, which was filed on March 23, 1990.  *Jernigan*, 989 F.2d at 814. The plaintiffs never contradicted this assertion.  *See id.* at 814-15.  The Fifth Circuit held that the time for removal ran from March 23 (the date Ashland Oil discovered the case was removable), as opposed to February 2 (the date Ashland Oil was served with process).  *See id.* at 813, 815.  In *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 390 n.13 (5th Cir. 2000), the Fifth Circuit distinguished *Jernigan* and held "that fraudulent joinder removals are not *per se* within the second paragraph of § 1446(b)."  Thus, the defendants could properly invoke the general timing rule for removal, thirty days from

---

[1] The terms "improper joinder" and "fraudulent joinder" are used interchangeably in this opinion.  *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004).

-4-

the date of service, even though the removal was based on fraudulent joinder.  *See id.*

at 390.  A fairly recent decision from the United States District Court for the Southern

District of Texas examined *Jernigan* and *Badon*, as well as several district court

opinions, and determined that "a defendant in an improper-joinder case must remove

within 30 days from the point when he objectively could have discovered that the case

was removable."  *Reynero v. Tex. Roadhouse, Inc.*, No. 5:14cv4, 2014 WL 1569413, at

*4-5 (S.D. Tex. Apr. 9, 2014).

  **B.**  **Analysis**

  The Court finds that this action was not timely removed under § 1446(b)(3).[2]

Defendants argue their time to remove the action did not start to run until January 23,

2014, when they received the Dickerson Affidavit [1-4], providing that Dependable

Abrasives came into existence in 1985.  Defendants contend Dependable Abrasives'

incorporation date was the key piece of information they needed in order to determine

that Dependable Abrasives was improperly joined after Booth admitted in his discovery

responses that he was last exposed to silica in 1983.  Booth asserts that the time for

removal began to run when he served his discovery responses on November 12, 2013.

According to Booth, his discovery responses constitute "other paper" under § 1446(b)(3)

because the Defendants were already on notice from testimony and discovery

responses in prior silica litigation that Dependable Abrasives did not exist until 1985.

Essentially, both the Defendants and Booth rely on Booth's November 12 discovery

---

 [2] Neither Booth nor the Defendants claim that removal was required within 30 days
of service of the Complaint under § 1446(b)(1) because the action was initially
removable.

responses in conjunction with information regarding Dependable Abrasives'
incorporation date supplied in separate litigation for their respective timing arguments.
The Court discerns no cogent basis for giving controlling weight to the Dickerson
Affidavit [1-4] and ignoring the nearly identical information offered by Dependable
Abrasives in other separate lawsuits.  Therefore, in strictly construing the removal
statute and resolving all doubts in favor of remand,[3] the Court determines that Booth
has the better side of the argument.

Unlike the plaintiffs in *Jernigan*, Booth has contested the Defendants' assertion
that the first time they could have realized Dependable Abrasives' improper joinder was
upon their receipt of the Dickerson Affidavit [1-4].  Booth argues that the Defendants
were on notice of essentially the same information contained in the Dickerson
Affidavit—Dependable Abrasives was not in existence until 1985—from prior silicosis
lawsuits.  The following information presented by Booth supports this argument:

(i)     On April 1, 2013, in the trial of *Richard Pierce v. American Optical, et al.*,
James Dickerson testified that Dependable Abrasives was founded in April
of 1985 and began selling sand in the late part of 1984, 1985.  (*See* Doc.
No. [50-7] 420:10-19, 436:13-15.)

(ii)    On August 15, 2011, Dependable Abrasives served discovery responses
in *Jessie Malone v. Pangborn Corp., et al.*, providing that the company
reserved its name in 1985.  (*See* Doc. No. [57-2 at ECF pp. 5].)

(iii)   On July 25, 2010, James Dickerson was deposed in *Charles McGraw, et
al. v. American Optical, et al.*, and testified that he started Dependable
Abrasives in 1984 or 1985, and that the company sold silica sand from the
late part of 1984 until March of 1998.  (*See* Doc. No. [57-1] 13:6-8, 15:7-
13.)

---

[3] *See In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (citing *Carpenter v.
Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

     (iv)    On March 4, 2003, Dependable Abrasives served discovery responses in *Shirley Tinner, et al. v. Pulmosan, et al.*, indicating that the company was incorporated in 1985.  (*See* Doc. No. [57-4 at ECF pp. 3, 9].)

It appears that each of the Defendants presently before the Court was a party in the *Pierce*, *Malone*, *McGraw*, and/or *Tinner* actions.  The fact that the above-cited information may have only reached the Defendants' attorneys does not negate Booth's notice argument.  "Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney."  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990) (citation and internal quotation marks omitted).  In light of Dependable Abrasives' date of incorporation being made available to the Defendants before this suit was filed, Dependable Abrasives' purported "fraudulent joinder could first be ascertained" when Booth served his November 12, 2013 discovery responses indicating that he was last exposed to respirable silica in 1983.  *Delaney v. Viking Freight, Inc.*, 41 F. Supp. 2d 672, 674, 677 (E.D. Tex. 1999) (remanding due to untimeliness where the defendants' amended answer showed they could ascertain the case was removable without any additional facts supplied by the plaintiffs) (citation omitted).[4]  The Defendants' removal of this

---

[4] *Cf. Laws v. Davidson Ladders, Inc.*, No. 2:11cv48, 2012 WL 33008, at *3 (N.D. Miss. Jan. 6, 2012) (rejecting the defendants' contention that the plaintiff's deposition transcript constituted "other paper" starting the time for removal since the defendants had received medical records containing the same pertinent information prior to the deposition); *Harrell v. Yokohama Tire Corp.*, No. 3:08cv565, 2011 WL 1812785, at *5 (S.D. Miss. May 4, 2011) ("If Yokohama knew from first service that the non-diverse defendants were potentially legally immune from suit, and only required confirmation of this theory, Yokohama's late investigation of this issue should not open a new window for removal."); *Smith v. Phillips 66 Co.*, No. 1:08cv839, 2008 WL 4724005, at *3 (S.D. Miss. Oct. 24, 2008) (finding that the removing defendants improvidently relied on a

action on February 20, 2014, one hundred (100) days after the service of Booth's

discovery responses, was untimely.

Defendants argue that Booth's discovery responses do not qualify as "other

paper" because they fail to "unequivocally and clearly show" Dependable Abrasives'

improper joinder in accordance with *Bosky v. Kroger Texas, LP*, 288 F.3d at 211.

(Defs.' Joint Mem. Brief in Opp. to Mot. to Remand [56] at p. 5.)   This argument

overlooks the absence of clear and unequivocal information supporting improper joinder

on the face of the Defendants' claimed "other paper," the Dickerson Affidavit [1-4].

Booth's apparent inability to maintain a claim against Dependable Abrasives only

becomes clear when the information contained in his discovery responses (the last time

he was exposed to respirable silica) and the date Dependable Abrasives came into

existence (1985) are both taken into consideration.   Defendants offer no convincing

argument as to why Dependable Abrasives' date of incorporation provided in the

Dickerson Affidavit in *Arthur Ray Bourne v. 3M Co., et al.*, must be accepted, while the

same information supplied by Dependable Abrasives in *Richard Pierce v. American

Optical, et al.*, *Jessie Malone v. Pangborn Corp., et al.*, *Charles McGraw, et al. v.

American Optical, et al.*, and *Shirley Tinner, et al. v. Pulmosan, et al.*, must be ignored.

Defendants also contend they were under no duty to investigate Dependable

Abrasives' date of incorporation.   This position is aimed at Booth's argument that the

date Dependable Abrasives came into existence is available to the public through the

---

nondiverse defendant's September 8, 2008 motion for summary judgment as the trigger
for removal because the factual information underlying the motion should have been
clear in July of 2008).

Mississippi Secretary of State's website.  The Court recognizes that the Fifth Circuit has rejected a due diligence requirement for determining whether a case is removable based on the amount in controversy.  *See Chapman v. Powermatic*, 969 F.2d 160, 163 (5th Cir. 1992).  However, the Court is not holding that the Defendants were required to search out Dependable Abrasives' incorporation date, or that the Defendants were on notice of this information because it was available via the Mississippi Secretary of State's office.  The Court is merely holding that a defendant cannot ignore information supporting removal supplied in one lawsuit and focus on the same information supplied in a separate lawsuit just because the timing of the second action better supports removal.  As noted by one district court, "reading court filings is not the kind of 'due diligence' that *Chapman* meant to prohibit."  *Freeman v. SSC San Antonio Silver Creek Operating GP LLC*, No. SA-13-CV-00879-XR, 2013 WL 6200220, at *3 (W.D. Tex. Nov. 25, 2013) (determining that a nondiverse defendant's answer put the remaining defendants on notice of the possibility of removal based on improper joinder).

Defendants further oppose remand pursuant to the rule that a defendant's subjective knowledge does not control the time for removal.  This applicability of this rule is well established when the jurisdictional question centers on whether the averments of a complaint meet 28 U.S.C. § 1332(a)'s amount in controversy requirement.[5]  Yet, several courts have found the "subjective knowledge" rule

---

[5] *See, e.g.*, *Bosky*, 288 F.3d at 210; *Chapman*, 969 F.2d at 163; *Calhoun v. Group Contractors, LLC*, No. 2:12cv70, 2012 WL 2327704, at *2 (S.D. Miss. June 19, 2012).

unworkable when the issue of jurisdiction turns on a claim of fraudulent joinder.[6] "In cases involving fraudulent joinder, the removing party frequently—if not usually—has to rely on subjective knowledge to some degree to ascertain the existence of a fraudulently joined party." *Reynero*, 2014 WL 1569413, at *3 (quoting *Delaney*, 41 F. Supp. 2d at 677). For example, the Defendants in this case claim they "*learned* that non-diverse defendant Dependable Abrasives" was improperly joined when they received the Dickerson Affidavit [1-4] on or about January 23, 2014. (Notice of Removal [1] at ¶ 4) (emphasis added). In any event, the Court is not holding that the Defendants' removal was untimely because they were subjectively aware of Dependable Abrasive's improper joinder on November 12, 2013. Instead, the Court finds they "objectively *could have discovered* that the case was removable" on that date in light of Booth's discovery responses and the information regarding Dependable Abrasives previously made available to them in other silica actions. *Reynero*, 2014 WL 1569413, at *5 (emphasis added); *see also Badon*, 224 F.3d at 390 n.13 (providing that the defendant in *Ashland Oil* properly invoked the extended period of time for removal under § 1446(b) because it was not until it received a co-defendant's answer, that it "could . . . discover" diversity

---

[6] *See Reynero*, 2014 WL 1569413, at *3-4; *Ayers v. Sears*, 571 F. Supp. 2d 768, 775 n.7 (W.D. Tex. 2008); *Delaney*, 41 F. Supp. 2d at 677. Other long-standing principles of removal jurisprudence have been found incompatible with the doctrine of improper joinder. Under the "voluntary-involuntary" rule, "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citation omitted). "'Fraudulent joinder is a well-established exception to the voluntary-involuntary rule.'" *Id.* at 532 n.2 (quoting *Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988)). The requirement that all defendants must join in and consent to the removal of an action is also inapplicable with respect to improperly joined defendants. *See Jernigan*, 989 F.2d at 815.

jurisdiction existed based on fraudulent joinder); *Freeman*, 2013 WL 6200220, at *3 ("It is objectively reasonable for the Court to assume that a defendant reads its co-defendant's answer.").

Finally, the Court is unpersuaded by the Defendants' argument that the time limitations of § 1446(b) should be equitably tolled pursuant to the Fifth Circuit's decision in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). In *Tedford*, the Fifth Circuit found that the plaintiff's forum manipulation justified an equitable exception to the statutory one-year limit for removal of an action based on diversity jurisdiction. 327 F.3d at 426-27. The *Tedford* plaintiff joined a nondiverse defendant three (3) hours after the diverse defendant advised of its intention to remove the action, and dismissed the nondiverse defendant only one (1) day after the one-year deadline expired. *Id.* at 425, 427-28. No similar gamesmanship is at issue here. Defendants suggest that Booth's counsel committed actual fraud by pleading that Booth's last exposure was in 1985, as opposed to 1983, when they also knew Dependable Abrasives was incorporated in 1985. Booth's counsel indicates the discrepancy between Booth's work dates listed in the Complaint and his discovery responses was inadvertent and "[i]t was through further discussions with the Plaintiff and wife in the discovery process that it was determined he did not perform any work after 1983." (Pl.'s Rebuttal [57] at p. 1.) Generally, fraud in the pleading of jurisdictional facts must be established by clear and convincing evidence. *See Jones v. Waffle House, Inc.*, No. 3:12cv862, 2013 WL 4048549, at *1 (S.D. Miss. Aug. 9, 2013) (citation omitted). The Defendants' bare suggestion of fraud does not suffice. Moreover, the purported fraudulent coverup of the last time Booth was exposed to respirable silica ceased and desisted when Booth's discovery responses

were served on November 12, 2013.  Defendants fail to show that Booth engaged in any conduct preventing them from removing this case in the 30 days following November 12.

### III.  CONCLUSION

Even though the thirty-day time limit for removal "is not jurisdictional, it is mandatory and therefore strictly construed."  *Alfonso v. Military Dep't*, No. 07-3778, 2007 WL 4114438, at *6 (E.D. La. Nov. 15, 2007) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988)).  The Defendants' failure to remove this action within the deadline prescribed by 28 U.S.C. § 1446(b)(3) necessitates a grant of the Motion to Remand [50].

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Motion to Remand [50] is granted.  Any other pending motion is denied as moot.  A separate order remanding this cause to the state court shall follow.

SO ORDERED AND ADJUDGED this the 28th day of July, 2014.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE