IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**HENRY BOOTH**                                                                                             **PLAINTIFF**

V.                                                        **CIVIL ACTION NO. 2:14cv25-KS-MTP**

**3M COMPANY, ET AL.**                                                              **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the Joint Motion to Alter or Amend Judgment [74] of the Defendants American Optical Corporation ("American Optical") and Mississippi Valley Silica Co., Inc. ("Mississippi Valley"), and the Plaintiff Henry Booth's Motion for Sanctions and Costs [88]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that both motions should be denied.

On July 28, 2014, the Court remanded this action to the Circuit Court of Forrest County, Mississippi, based on the finding that the Defendants failed to remove the proceeding within the thirty (30) day deadline imposed by Title 28 U.S.C. § 1446(b)(3). (*See* Mem. Op. & Order [71]; Order of Remand [72]; Clerk's Letter [73].) Defendants had invoked the Court's subject matter jurisdiction under 28 U.S.C. § 1332 in removing the case and arguing that the non-diverse citizenship of Defendant Dependable Abrasives, Inc. ("Dependable Abrasives") should be overlooked based on the ground of improper joinder. The Court held that the alleged improper joinder of Dependable Abrasives could have been discovered by the Defendants on November 12, 2013 (the date Plaintiff served his discovery responses indicating that he was last exposed to respirable silica in 1983), and that the removal of the action on February 20, 2014 (one hundred (100) days later), was untimely. Central to this ruling was the determination

that Dependable Abrasives' incorporation date (1985) was made available to each of the Defendants prior to November 12, 2013, in separate silica actions.

On August 22, 2014, American Optical and Mississippi Valley (hereinafter collectively referred to as "Defendants") filed their Joint Motion to Alter or Amend Judgment [74]. Defendants argue that the Court's remand order should be vacated pursuant to Federal Rule of Civil Procedure 59(e) because the Court committed an error of fact in finding that Mississippi Valley learned of Dependable Abrasives' incorporation date in the prior action of *Jessie Malone v. Pangborn Corp., et al.* Defendants assert that Mississippi Valley was dismissed from the *Malone* action on February 4, 2011, approximately six (6) months before Dependable Abrasives served discovery responses providing that the company reserved its name in 1985. Thus, according to the Defendants, "there is no basis for concluding that when Plaintiff submitted his discovery responses on November 14, 2013, Mississippi Valley . . . had any prior knowledge of Dependable Abrasives' incorporation date." (Defs.' Mem. Brief in Supp. of Joint Mot. to Alter or Amend J. [75] at p. 4.)

Plaintiff chiefly argues that the Court lacks jurisdiction to review its prior remand order and grant the Defendants' requested relief. The Court agrees. Title 28 U.S.C. § 1447 states in pertinent part that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," subject to certain exceptions inapplicable to the present case. 28 U.S.C. § 1447(d). The United States Supreme Court has held that § 1447(d) must be read in conjunction with § 1447(c). *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995) (citing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345-

46, 96 S. Ct. 584, 46 L. Ed. 2d 542 (1976)). "As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction—the grounds for remand recognized by § 1447(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)." *Id.* at 127-28. The untimely removal of an action is a defect clearly falling within the scope of § 1447(c). *See, e.g., id.* at 128; *Big Country Vein Relief, L.P. v. Directory Assistants, Inc.*, 425 Fed. Appx. 287, 289 (5th Cir. 2011). Section 1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court." *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1203 (11th Cir. 2011) (quoting *Seedman v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988)); *see also New Orleans Public Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986) (holding that a district court is divested of jurisdiction to vacate or reconsider a remand order pursuant to § 1447(d)).

Plaintiff's Motion to Remand [50], asserting that the Defendants' removal of the action was untimely, was "made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Accordingly, the Court "is divested of jurisdiction to reconsider the matter" and vacate its grant of the Plaintiff's remand motion. *Majoue*, 802 F.2d at 167.

Even in the absence of § 1447(d), the Court would not vacate its prior remand decision. Plaintiff also submits additional documentation regarding Mississippi Valley's knowledge of when Dependable Abrasives came into existence in opposing the Defendants' Rule 59(e) motion. The documentation shows: (i) on **April 5, 2004**, Dependable Abrasives served a fact sheet in *In re: Silica Products Liability Litigation*,

MDL Docket No. 1553, indicating that it only sold silica sand from 1985-1998; (ii) on **December 21, 2012**, Dependable Abrasives served a supplemental motion for summary judgment in *Patrick Claiborne, et al. v. Pangborn Corp., et al.*, Civil Action No. 2011-18, stating that it "did not exist until 1985"; and (iii) Mississippi Valley was a party to MDL Docket No. 1553 and Civil Action No. 2011-18 when Dependable Abrasives supplied the preceding information. (*See* Doc. No. [89-1]; Doc. No. [89-2]; Doc. No. [89-3] at p. 2; Doc. No. [89-4].) Defendants fail to challenge the authenticity or import of these materials. As a result, the Court's prior finding that information regarding Dependable Abrasives' incorporation date was made available to the Defendants before the service of Plaintiff's discovery responses on **November 12, 2013**, remains factually sound.

The Defendants' Joint Motion to Alter or Amend Judgment [74] is legally inoperative pursuant to § 1447(d) and falters on its merits. Thus, the motion will be denied.

Plaintiff's Motion for Sanctions and Costs [88] will also be denied.[1] Plaintiff requests attorney's fees for the time his counsel spent responding to the Defendants' Rule 59(e) motion on the basis that Defendants have misrepresented their knowledge of when Dependable Abrasives was incorporated. Plaintiff fails to cite any legal authority in support of this requested relief.

Federal Rule of Civil Procedure 11 authorizes a motion for sanctions, but also

---

[1] The Court is authorized to consider the collateral matter of sanctions notwithstanding the merits of this action moving forward in state court. *See, e.g.*, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990); *Coward v. AC & S, Inc.*, 91 Fed. Appx. 919, 922 (5th Cir. 2004).

sets forth a safe harbor provision requiring the moving party to serve the motion on the offending party without filing it with the Court until twenty-one (21) days have passed. *See* Fed. R. Civ. P. 11(c)(2). There is no indication that Plaintiff complied with this procedure before filing his Motion for Sanctions and Costs [88]. The Court is therefore precluded from awarding the Plaintiff any relief under Rule 11 since its procedural requirements are "mandatory" and "must be followed". *Marlin v. Moody Nat'l Bank, N.A.*, 533 F.3d 374, 378 (5th Cir. 2008); *see also Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). The Court has the inherent authority to impose sanctions against litigants and their attorneys in order to control the course of litigation on its docket. *See Knight v. Luedtke (In re Yorkshire, LLC)*, 540 F.3d 328, 332 (5th Cir. 2008). Further, the Court is statutorily empowered to sanction attorneys for unreasonably and vexatiously multiplying the course of proceedings. *See* 28 U.S.C. § 1927. However, sanctions under either of these bases are the exception, rather than the rule, and the Plaintiff's limited briefing fails to justify the imposition of punitive measures against the Defendants. *See Knight*, 540 F.3d at 332 (providing that a court must make a specific finding of "bad faith conduct" in order to justify the imposition of sanctions under its inherent authority); *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525-26 (5th Cir. 2002) (holding that sanctions under § 1927 require "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court[;]" and, interpreting "§ 1927 as penal and constru[ing] it in favor of the sanctioned party").

Notwithstanding the forgoing, the Court notes that the Defendants' Rule 59(e) motion is carefully worded with respect to Mississippi Valley's knowledge of Dependable Abrasives' incorporation date based on the "evidence in the record" or "the evidence

before the Court". (Defs.' Mem. Brief in Supp. of Joint Mot. to Alter or Amend J. [75] at pp. 1, 4.) This suggests that the Defendants may have known or had reason to suspect that other evidence existed, such as the above-cited documentation presented by the Plaintiff, showing that information concerning Dependable Abrasives was previously made available to Mississippi Valley. The Court thus reminds Mississippi Valley, American Optical, and their counsel of their duty of candor to the tribunal, and cautions these litigants and their attorneys not to let their desire to win the argument override or cloud this duty in any future court proceedings.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendants' Joint Motion to Alter or Amend Judgment [74] is denied.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Plaintiff's Motion for Sanctions and Costs [88] is denied.

**SO ORDERED AND ADJUDGED** this the 12th day of November, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE